IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION                    MDL No. 2326

THIS DOCUMENT RELATES TO:

*Ryan v. Boston Scientific Corporation*
Civil Action No. 2:15-cv-09700

MEMORANDUM OPINION AND ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice
[ECF No. 14] filed by Boston Scientific Corporation ("BSC"). The plaintiff has not
responded, and the time for responding has expired. Therefore, the Motion is ripe for
adjudication. For the reasons stated below, the Motion is **GRANTED.**

BSC's Motion arises from this court's Order [ECF No. 13], entered on May 9,
2018, denying BSC's first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet
("PFS") [ECF No. 12] in compliance with Pretrial Order ("PTO") # 175. In reaching
this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th
Cir. 1977), in which the Fourth Circuit identified four factors that a court must
consider when reviewing a motion to dismiss on the basis of noncompliance with
discovery. *See* Order at 4–7 (applying the *Wilson* factors to the plaintiff's case).[1]
Concluding that the first three factors weighed in favor of sanctions as requested by

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the
amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry
into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular
sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n
v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

BSC, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 175. I afforded her thirty days from the entry of the Order to submit to BSC a completed PFS, with the caveat that failure to do so may result in dismissal of her case with prejudice upon motion by BSC. Despite this warning, the plaintiff has again failed to comply with this court's orders and did not provide BSC with a completed PFS within the thirty-day period. Consequently, BSC moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiff has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissing BSC with prejudice is now appropriate. For the reasons explained in my May 9 Order, it is **ORDERED** that BSC's Motion to Dismiss [ECF No. 14] is **GRANTED**, and BSC is **DISMISSED with prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    July 19, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE